IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

KENNETH WAYNE WOODFIN,
Plaintiff,

v.  Civil No. 3:20cv23 (DJN)

ADRIANNA L. BENNETT, *et. al.*,
Defendants.

**MEMORANDUM OPINION**

Plaintiff Wayne Woodfin ("Plaintiff"), a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. The action proceeds on Plaintiff's Particularized Complaint. (ECF No. 15.) The matter comes before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed below, Plaintiff's claims and the action will be dismissed for failure to state a claim and as legally frivolous.

**I.  PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A (setting forth grounds for dismissal). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard borrows the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, the Court takes a plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th

Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring) (indicating an unwillingness to "require[e] district courts to assume the role of advocate for a *pro se* plaintiff" by addressing unraised issues); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS AND CLAIMS

On October 19, 2020, the Court directed Plaintiff to file a particularized complaint. (ECF No. 14.) Plaintiff complied with that directive. (ECF No. 15.) In his Particularized Complaint, Plaintiff names as Defendants, Adrianna L. Bennett, Chairperson of the Virginia Parole Board, Ralph Northam, Governor of the Commonwealth of Virginia, Brian Moran, Secretary of Public Safety for the Commonwealth of Virginia, and, Tim Phillips, Parole Examiner. (*Id.* at 1.)[1] Plaintiff alleges the following:

> On Monday, June 25, 2018, I went up for parole .... I was interviewed by Parole Board examiner, Tim Phillips.
> During the interview Mr. Phillips told me that I would receive a turn-down for parole, as well as a three-year deferral by the parole board, whereas I would not be able to go up for parole again until the year 2021.
> On Friday, July 13, 2018, I received my parole turn-down, as well as a (3) three-year deferral from Adrianna L. Bennett, Virginia Parole Board Chairwoman.
> On July 13, 2018, I appealed that decision to the Parole Board Chairwoman, Adrianna L. Bennett . . . I explained to her that I had received three or four 3-year deferrals that I should not have received because this law of 3-year deferrals . . . was created [on] January 1, 1993.

---

[1] Plaintiff incorrectly spells Governor Northam's last name as "Northern." (ECF No. 15, at 1.) The Court corrects the capitalization, spelling, spacing, and punctuation in the quotations from the Particularized Complaint. The Court omits any paragraph numbering, miscellaneous headers, and emphasis in its recitation of the Particularized Complaint.

3

> . . . I have been incarcerated since October 27, 1984 and under Virginia Law I was eligible to go up for parole on a yearly basis, not every three years.
> On December 17, 2018, Chairwoman Adrianne L. Bennett denied my appeal. I also explained to Chairwoman Bennett that I was not considered for parole because the parole board examiner already knew the result on the day of my interview.
> . . . .
> Parole is subject to the Due Process Clause because a prisoner has a statutory right to a fair parole consideration and this right involves the plaintiff's liberty and because the plaintiff has already spent 36 years for crimes he never committed, it [is] doubly important that he receive fair consideration.
> Parole is subject to the Due Process Clause of the Fourteenth Amendment.[2]
> Ex Post Facto, U.S. Constitution, Art. I § 9, cl. 3; [3] Art. I § 10, cl. 1.[4]
> . . . .
> I have been continuously denied parole for years because I could not go up for parole due to 3-year deferrals, I could not argue the fact that my DNA was not at the crime scenes.
> This law was designed for me to do more time before I could be paroled.
> The Governor is the direct supervisor of the Parole Board and Secretary of Public Safety, he appoints all of the Parole Board members, as well as Adrianna L. Bennett, he also appoints Brian Moran, Secretary of Public Safety.
> Brian Moran stands in for the Governor as boss of the Parole Board, State Police and all state agencies.
> All four defendants . . . . knew or should have known that my constitutional rights to a fair consideration of parole and they continue to use an ex post facto prohibition against me.

(*Id.* at 1-3.)

Plaintiff does not identify the "law" that gives rise to the three-year deferrals that he now calls into question. However, based on the context of his allegations, the Court understands his allegations to focus not on a law, or statute, but a "Virginia parole review policy" implemented by the Virginia Parole Board on January 1, 1993, "which provides for the deferral of parole review for up to three years for certain categories of inmates." *Hill v. Jackson*, 64 F.3d 163, 165-

---

² "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

³ "No . . . ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3.

⁴ "No State shall . . . pass any . . . ex post facto Law . . . ." U.S. Const. art. I, § 10, cl. 1.

66 (4th Cir. 1995). Specifically, this policy authorized the deferral of parole review for inmates serving a life sentence. *Id.* at 166. Plaintiff is currently serving multiple life sentences for a series of murders and other crimes that he committed in central Virginia in the 1980's. *See Woodfin v. Commonwealth*, 372 S.E.2d 377, 378 (Va. 1988) (affirming Plaintiff's convictions and life sentences); *Woodfin v. Angelone*, 2002 WL 32443535, at *2-3 (E.D. Va. April 1, 2002) (dismissing Plaintiff's petition for writ of habeas corpus).

The Court construes Plaintiff's allegations to raise the following claims for relief:

Claim One: The Virginia Parole Board's imposition of three (3) year parole review deferrals on Plaintiff violates the Due Process Clause; and,

Claim Two: The Virginia Parole Board's imposition of three (3) year parole review deferrals on Plaintiff violates the *Ex Post Facto* Clause.

(*See* ECF No. 15, at 1-3.). The Court will address each claim.

### III. ANALYSIS

The Court need not engage in an extended discussion of Plaintiff's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).

#### A. Claim One

Plaintiff first claims that the review deferrals violate the Due Process Clause. The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569-70 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). Thus, the first step in analyzing a procedural due process claim requires the Court to identify whether the alleged

5

conduct affects a protected liberty or property interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). Where government action affects a protected liberty interest, the Court next determines "what process is due" under the circumstances. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (observing that "due process is flexible .... not all situations calling for procedural safeguards call for the same kind of procedure").

A liberty interest may arise from the Constitution itself, or from state laws and policies. *Wilkinson v. Austin*, 545 U.S. 209, 220-21 (2005). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "With no constitutional right to parole *per se*, federal courts recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some aspect of parole." *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996) (quoting *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991)).

The United States Court of Appeals for the Fourth Circuit consistently has found the pertinent Virginia statutes fail to create a protected liberty interest in release on parole. *Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012) (citing *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991); *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996)). Virginia, however, has created a limited liberty interest in consideration for parole. *Burnette v. Fahey*, 2010 WL 4279403, at *8 (E.D.Va. Oct. 25, 2010); *Burnette*, 687 F.3d at 181. "The question thus becomes what procedures are required under the Due Process Clause in [considering] an inmate for discretionary release on parole." *Burnette*, 2010 WL 4279403, at *8 (quoting *Neal v. Fahey*, 2008 WL 728892, at *2 (E.D. Va. Mar. 18, 2008)).

The Fourth Circuit has stated that the Constitution requires only a very limited amount of process in considering an inmate for parole. Specifically, "[a]t most, ... parole authorities must furnish to the prisoner a statement of its reasons for denial of parole." *Burnette*, 687 F.3d at 181 (alteration and omission in original) (citation omitted) (internal quotation marks omitted). "So long as the statement provides a valid ground for denying parole, the federal courts cannot, under the guise of due process, demand more from the state." *Burnette*, 2010 WL 4279403, at *8 (citation omitted). Here, Plaintiff does not allege that the Virginia Parole Board failed to provide him with an adequate basis for the denial of his parole. Rather, Plaintiff alleges simply that the Virginia Parole Board did not consider him for parole frequently enough.

The Fourth Circuit has long held that the same Virginia Parole Board policy that Plaintiff now challenges satisfies due process. *Hill v. Jackson*, 64 F.3d 163, 170-71 (4th Cir. 1995). In rejecting virtually identical claims, the Fourth Circuit held that "[b]ecause the inmates' 'right' to annual parole review ... is a procedural function of Virginia's parole scheme rather than a substantive right unto itself, the Constitution does not afford that 'right' any protection under the Due Process Clause." *Id.* at 171. In this instance, Plaintiff has received all of the process that the Constitution requires.[5] Accordingly, Claim One will be DISMISSED for failure to state a claim and as legally frivolous.

## B. Claim Two

Plaintiff further claims that the review deferrals violate the *Ex Post Facto* Clause. Here again, the Fourth Circuit's decision in *Hill* guides the analysis. In that case, the court observed

---

[5] By letter dated July 12, 2018, the parole board notified Plaintiff that he would not be granted parole, because of the "[c]rimes [that he had] committed," because of the "[s]erious nature and circumstances of [his] offence(s)," and because "[r]elease at this time would diminish the seriousness of [his] crime[s]." (ECF No. 5-2, at 1-2.) Plaintiff does not challenge the validity of any of these reasons for denying his release.

7

that:

> The Constitution prohibits states from enacting *ex post facto* laws. U.S. Const. art. I, § 10, cl. 1. An *ex post facto* law is "any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Weaver v. Graham*, 450 U.S. 24, 28, 101 S. Ct. 960, 964, 67 L.Ed.2d 17 (1981) (quoting *Cummings v. Missouri*, 4 Wall. 277, 325-26, 18 L. Ed. 356 (1867)); *see also Morales*,[6] 514 U.S. at ---- n. 3, 115 S. Ct. at 1602 n. 3 ("the focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage' [to covered offenders] . . . but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable"); *Collins v. Youngblood*, 497 U.S. 37, 43, 110 S. Ct. 2715, 2719-20, 111 L.Ed.2d 30 (1990) (same). The purposes of the *Ex Post Facto* Clause are to assure that legislative acts "give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed" and to "restrict [ ] governmental power by restraining arbitrary and potentially vindictive legislation." *Weaver*, 450 U.S. at 28-29, 101 S. Ct. at 964 (footnote and citations omitted).

*Hill*, 64 F.3d at 167 (alterations and omission in original) (footnote added).

In rejecting identical claims concerning the same Virginia Parole Board policy, the Fourth Circuit held that:

> [T]he limited scope of the Virginia Parole Board's parole review policy . . . reduces the risk that an inmate's "measure of punishment" will be increased thereunder. The policy authorizes the deferral of parole review for up to three years only for inmates serving (1) a life sentence; (2) a single sentence of 70 years or more for a violent offense, and having at least 10 years left to serve before mandatory release at the time of parole review; or (3) multiple consecutive sentences totaling 70 years or more, one of which is for a violent offense, and having at least 10 years left to serve before mandatory release at the time of parole review. As in *[California Dep't of Corr. v.] Morales*, [514 U.S. 499 (1995),] the Parole Board's policy has no effect on the substantive standards for scheduling an inmate's initial parole eligibility date, nor does it change the criteria for determining either an inmate's suitability for parole or his or her release date.

*Hill*, 64 F.3d at 169.

The Fourth Circuit concluded that "the Virginia Parole Board's 1993 parole review deferral policy is less likely to 'produce[] a sufficient risk of increasing the measure of

---

[6] *California Dep't of Corr. v. Morales*, 514 U.S. 499 (1995).

8

punishment attached to the covered crimes,' . . . and thus does not violate the *Ex Post Facto* Clause." *Id.* at 169-170 (first alteration in original) (citation omitted). Because Claim Two is indistinguishable from the claim addressed in *Hill*, Plaintiff has failed to successfully plead a violation of the *Ex Post Facto* Clause. Accordingly, Claim Two will be DISMISSED for failure to state a claim and as legally frivolous.

### IV. CONCLUSION

For the foregoing reasons, Claims One and Two will be DISMISSED for failure to state a claim and as legally frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff.

An appropriate Order shall issue.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: June 29, 2021