IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

KENNETH WAYNE WOODFIN,
   Plaintiff,

v.                                                                                                  Civil No. 3:20cv23 (DJN)

ADRIANNA L. BENNETT, *et al.*,
   Defendants.

**MEMORANDUM OPINION**

Kenneth Wayne Woodfin ("Plaintiff"), a state prisoner proceeding *pro se*, filed this 42 U.S.C. § 1983 action. (ECF No. 15.) On June 29, 2021, the Court dismissed Plaintiff's claims and the action for failure to state a claim and as legally frivolous. (ECF Nos. 17, 18.) On July 12, 2021, the Court received a Motion for Reconsideration from Plaintiff, in which he complains, *inter alia*, about the Virginia Parole Board and the media's coverage of his case. (ECF No. 19, at 1-2.) Because the Motion for Reconsideration was received within twenty-eight days after the entry of the June 29, 2021 Memorandum Opinion and Order, the Court will construe this submission as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or

(3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

Plaintiff does not cite to any change in the controlling law or new evidence that was not available at trial in support of his Rule 59(e) Motion. Further, Plaintiff fails to demonstrate that the Court committed a clear error of law or that relief under Rule 59(e) is necessary to prevent a manifest injustice. Accordingly, Plaintiff's Rule 59(e) Motion (ECF No. 19) will be DENIED.

An appropriate Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

                                                       /s/
                                           David J. Novak
                                           United States District Judge

Richmond, Virginia
Dated: November 9, 2021